**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TYRONE OLIVER and LINDA ARMBRESTER,

                    Plaintiffs,

                                                1:19-CV-939
      v.                                         (TJM/DJS)

P.O. DRAGOJ and ALBANY POLICE DEPARTMENT,

                    Defendants.

**APPEARANCES:**                                   **OF COUNSEL:**

TYRONE OLIVER
Plaintiff, *Pro Se*
42 Elm Street
Schenectady, NY 12304

LINDA ARMBRESTER
Plaintiff, *Pro Se*
42 Elm Street
Schenectady, NY 12304

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court a *pro se* Complaint filed by Tyrone Oliver and Linda Armbrester. Dkt. No. 1, Compl. Plaintiffs have not paid the filing fee, but instead submitted a Motion to Proceed *in Forma Pauperis* (IFP). Dkt. No. 2. Plaintiffs have also submitted a Motion for Appointment of Counsel. Dkt. No. 3. By separate Order, this Court granted Plaintiffs' Application to proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint

- 2 -

is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

## B. Allegations Contained in Plaintiffs' Complaint

Plaintiffs Linda Armbrester and Tyrone Oliver allege that Plaintiff Oliver was arrested, handcuffed, and taken to jail unlawfully and in violation of the Fourth Amendment while a passenger in Plaintiff Armbrester's car. Compl. at p. 3.[1] The Complaint alleges as a first cause of action that Plaintiff Armbrester was unlawfully stopped for no reason by Defendant Dragoj while driving. *Id.* at p. 4. As a second cause of action, Plaintiffs allege that they were made to get out of the car and Defendant Dragoj and other police searched the car without probable cause. *Id.* As a third cause of action,

---

[1] As the pages of the Complaint are unnumbered, the Court will refer to the pagination assigned by the Court's CM/ECF when citing to the Complaint.

Plaintiffs allege that they were searched and, after finding nothing, Plaintiff Oliver was handcuffed and arrested without probable cause or reason. *Id.* Plaintiffs generally allege that the actions taken against them were motivated by racial animus. Plaintiffs seek compensatory damages. *Id.* at p. 5.

### C. Analysis of Plaintiffs' Claims

#### 1. *Claims Against Albany Police Department*

Initially, Plaintiffs name the Albany Police Department as a Defendant. Compl. at pp. 1 & 2. "A police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Baker v. Willett*, 42 F. Supp.2d 192, 198 (N.D.N.Y. 1999). As such, Plaintiffs' claims against the Albany Police Department should be dismissed. *See Chaney v. Albany Police Dep't*, 2016 WL 7477637, at *7 (N.D.N.Y. Nov. 28, 2016).[2]

Ordinarily, "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). Nonetheless, leave to replead need not be given when it would "futile" because the problem with the plaintiff's causes of actions would not be cured by better pleading. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In this case, while mindful of the liberality with which *pro se* pleadings must be viewed, because the Albany

---

[2] To the extent Plaintiffs intended to bring claims against the City of Albany, of which the police department "is an administrative arm," Plaintiff has failed to plead such a claim. In order to plead a claim against the municipality, Plaintiffs must allege that they were harmed by a municipal "policy" or "custom." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978).

Police Department cannot be sued, a valid claim against it cannot be stated with better pleading. The Court therefore recommends that Plaintiffs' claims against the Albany Police Department be dismissed without leave to amend.

### 2. *Plaintiffs' Remaining Claims*

Plaintiffs plead claims for illegal search, seizure, and false arrest in violation of the Fourth Amendment.[3]  Compl. at p. 4.  Plaintiffs' allegations provide minimal factual information regarding the events alleged, but the Court finds that "a liberal reading of [Plaintiffs'] allegations suffices at this early stage of the litigation to indicate that a valid claim might be stated." *Abreu v. Lipka*, -- Fed. Appx. --, 2019 WL 3540490, at *2 (2d Cir. Aug. 5, 2019).  The Court therefore recommends that these claims be permitted to proceed.[4]

## II. PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL

Finally, Plaintiffs have also submitted a request for appointment of counsel.  Dkt. No. 3.  The application indicates that Plaintiffs have been unsuccessful in their efforts to obtain counsel on their own from the private sector. *Id.*

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-

---

[3] While not entirely clear from the Complaint, it appears that the false arrest claim may only be brought on behalf of Plaintiff Oliver.  Compl. at pp. 3-4.  If this matter proceeds, the parties can resolve that lack of clarity through discovery or other means.

[4] The Complaint references "other police" who may have been involved in searching Plaintiff's car, *see* Compl. at p. 4, but P.O. Dragoj is the only individual named as a Defendant in this action.

line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

In the present matter, the case is at a very early stage. Indeed, only vague allegations have been made at this point; no evidence has yet been submitted relating to Plaintiffs' claims. As such, at this early stage, Plaintiffs have not met the threshold requirement that their claims seem likely to be of substance. *See Brown v. Utica Police Dep't*, 2017 WL 5514518, at *5 (N.D.N.Y. Nov. 16, 2017) ("Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed

by the Second Circuit for appointment of pro bono counsel.") (citation omitted)). Plaintiffs' Motion is therefore denied, with leave to renew at a later stage of the case.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiffs' claims against Albany Police Department be **DISISSED with prejudice**; and it is further

**RECOMMENDED**, that Plaintiffs' claims against P.O. Dragoj be permitted to proceed; and it is

**ORDERED**, that Plaintiffs' request for appointment of counsel (Dkt. No. 3) is **DENIED** without prejudice to renew; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 7, 2019
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge